1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOLTINHOUSE, ) | Case No. ED CV 13-2363 PJW |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF THE ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This case is back before the Court following remand. In his first decision, the Administrative Law Judge ("ALJ") determined that, though limited to jobs involving one- and two-part instructions, Plaintiff could perform his previous job as a sewing machine operator. Plaintiff appealed, noting that the ALJ had failed to include this restriction in the hypothetical question to the vocational expert and argued that the job of sewing machine operator was beyond his capabilities because it involved more than one- and two-part instructions. The Court agreed and remanded the case to the Agency with instructions to include that restriction in the hypothetical question to the vocational expert and to ask the vocational expert to explain how Plaintiff could perform a job

1  requiring Level 2 reasoning if he was limited to jobs involving one-
2  and two-part instructions.
3       On remand the same vocational expert who testified in the first
4  hearing testified again.  He started off by reconsidering his
5  classification of Plaintiff's former job as a sewing machine operator
6  and determined that it was more properly classified as a sports
7  equipment repairer, which the ALJ determined Plaintiff could not do.
8  (AR 304-05, 334.)  The ALJ then posed a hypothetical question that
9  included a restriction to jobs involving one- and two-part
10 instructions.  The vocational expert opined that there were three
11 jobs that Plaintiff could perform despite his limitations:
12 dishwasher, hand packager, and landscape worker.  (AR 335.)  For some
13 reason, the ALJ then began discussing with the vocational expert the
14 SVP[1] categories for these jobs and never really addressed the
15 reasoning level associated with them.  (AR 335-38.)  (Though the
16 Court would agree that there are similarities between SVP and
17 reasoning level and obviously some overlap, they are not the same.)
18 As a result, the vocational expert never explained how someone who is
19 limited to one- and two-part instructions can perform a job that
20 requires Level 2 Reasoning, as the remand order had directed him to
21 do.  For this reason, remand is required to allow the vocational
22 expert to address this issue.

---

[1] "SVP" stands for specific vocational preparation.  It represents the "amount of lapsed time required by a typical worker to learn the techniques, acquire information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles ("DOT"), Appendix C, Components of the Definition Trailer, 4th Ed. 1991.

1    The Agency disagrees.  It does not believe that remand is
2 warranted because the vocational expert testified that Plaintiff
3 could perform these three jobs despite his limitations and he also
4 testified that his opinion was consistent with the DOT.  (Joint Stip.
5 at 12.)  The Agency argues further that a limitation on jobs
6 involving one- and two-part instructions does not preclude Reasoning
7 Level 2 jobs.  (Joint Stip. at 12-14.)
8    The Court rejects these arguments.  To begin with, the Court has
9 previously held in this case and in others that a limitation to one-
10 and two-part instructions is commensurate with Reasoning Level 1, not
11 Reasoning Level 2.  This view is consistent with the DOT, which
12 defines Reasoning Level 1 as the ability to "apply commonsense
13 understanding to carry out simple *one-to-two step instructions*" and
14 Reasoning Level 2 as the ability to "apply commonsense understanding
15 to carry out detailed but uninvolved written or oral instructions."
16 DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702
17 (4th ed. rev. 1991).  Second, even were the Court willing to
18 reconsider its previous holdings, the vocational expert did not
19 provide any reason for doing so.  The fact that the vocational expert
20 explained that there is a hand packager job that involves a one-part
21 instruction, i.e., placing shoes in a shoe box, does not establish
22 that all hand packager jobs are limited to a single instruction or
23 that Plaintiff is capable of performing Reasoning Level 2 jobs.
24    For these reasons, the case is remanded to the Agency for
25 further proceedings.  On remand, the vocational expert should
26 determine if there are any jobs in the economy that Plaintiff can
27 perform despite his limitation to jobs involving one- and two-part
28 instructions.  If any of those jobs require reasoning beyond

Reasoning Level 1, the vocational expert should explain how a person limited to jobs involving one- and two-part instructions--which appears to be synonymous with Reasoning Level 1--can perform those jobs.

IT IS SO ORDERED

DATED: January 12, 2015.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\BOLTINHOUSE, 2363\memorandum opinion and order.wpd